| Case No. | **CV 19-3662-DMG (RAOx)** | Date | May 3, 2019 |
|---|---|---|---|
| Title | ***Natasha A. Schade, et al. v. Johnson & Johnson, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On April 30, 2019, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (the "Removing Defendants") removed this action from Los Angeles County Superior Court. [Doc. # 1.] Because Defendants have removed the action, they have the burden of identifying the statutory basis of this Court's removal jurisdiction. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The only removal statute Defendants identify is 28 U.S.C. section 1452, *see* Removal Notice at 2 [Doc. # 1], which provides in pertinent part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on *any* equitable ground," *see* 28 U.S.C. § 1452(b) (emphasis added). This statute "affords an unusually broad grant of authority," under which the Court may remand if "any one of the relevant factors" counsels in favor of doing so. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 311 (C.D. Cal. 2010) (quoting *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (S.D. Cal. 2007)).

Assuming *arguendo* that the Court has removal jurisdiction under 28 U.S.C. section 1452(a), the Court exercises its discretion to remand this action to state court. The Removing Defendants intend to force Plaintiffs to litigate their claims in a distant forum (*i.e.*, the District of Delaware). *See* Removal Notice at ¶ 7 [Doc. # 1]. Their claims have been pending in state court for over two years. *See* Compl. [Doc. # 1-1]. Further, comity also weighs in favor of remand, as Plaintiffs bring only state law claims against Defendants. *See id.*; *W. Helicopters v. Hiller Aviation*, 97 B.R. 1, 6 (E.D. Cal. 1988) ("A state court is better able to hear and determine a suit involving questions of state law than is a bankruptcy court."). It follows that equitable grounds counsel in favor of remanding this action to state court. *See, e.g., In re TIG Ins. Co.*, 264 B.R. 661, 665–66 (C.D. Cal. 2001) ("These [equitable] factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the

| | UNITED STATES DISTRICT COURT | JS-6 / REMAND |
| | CENTRAL DISTRICT OF CALIFORNIA | |
| | CIVIL MINUTES—GENERAL | |

| Case No. | CV 19-3662-DMG (RAOx) | Date | May 3, 2019 |
|---|---|---|---|
| Title | *Natasha A. Schade, et al. v. Johnson & Johnson, et al.* | Page | 2 of 2 |

predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.").

For these reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**